No. 23-6254

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**UNITED STATES OF AMERICA,**
*Plaintiff/Appellee,*

v.

**LARRY ANTONIO BURLEIGH,**
*Defendant/Appellant.*

On Appeal from the United States District Court
for the Eastern District of Virginia
Richmond (Hon. Henry E. Hudson)

BRIEF OF THE APPELLANT

**MARY E. MAGUIRE**
Federal Public Defender
for the Western District of Virginia

401 E. Market St., Ste. 106
Charlottesville, VA 22902
434-220-3396

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page**

SUMMARY OF THE ARGUMENT ..................................................................................6

ARGUMENT ..............................................................................................................7

I.   The district court erred in determining that
Mr. Burleigh's stacked 924(c) sentences did not give rise
to an extraordinary and compelling reason for sentence reduction. ................................7

   A.  Standard of Review....................................................................................7

   B.  Argument ..................................................................................................9

      1. The district court misapplied this Court's precedent in failing
      to recognize Mr. Burleigh's stacked 924(c) sentences provide an
      extraordinary and compelling basis for sentence reduction. ...................................9

      2. This Court's precedent supports the conclusion that
      Mr. Burleigh's 15-year sentence disparity combined with his age and
      rehabilitation amounts to an extraordinary and compelling circumstance. .........12

      3. The district court abused its discretion in finding that the § 3553(a)
      factors weighed against reducing Mr. Burleigh's sentence. ...................................13

CONCLUSION ........................................................................................................17

STATEMENT REGARDING ORAL ARGUMENT....................................................17

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Chavez-Meza v. United States,*
138 S. Ct. 1959, 201 L. Ed. 2d 359 (2018) ..................................................... 7

*Goodman v. United States, No. 2:11-CR-145,*
2021 WL 1587906 (E.D. Va. Apr. 22, 2021) .................................................. 10

*McCoy v. United States, No. 2:03-CR-197,*
2020 WL 2738225 (E.D. Va. May 26, 2020) ................................................... 10

*United States v. Arey,*
461 F. Supp. 3d 343 (W.D. Va. 2020) ............................................................ 10

*United States v. Brown,*
78 F.4th 122 (4th Cir. 2023) ................................................................. 9, 10, 15

*United States v. Bryant, No. 95-202-CCB-3,*
2020 WL 2085471 (D. Md. Apr. 30, 2020) .................................................... 10

*United States v. Collington,*
995 F.3d 347 (4th Cir. 2021) ............................................................................ 9

*United States v. Davis,*
2022 WL 127900 (4th Cir. Jan. 13, 2022) .............................................. 12, 13

*United States v. Davis, No. 1:02-CR-552*
(LMB), 2021 WL 1651226 (E.D. Va. Apr. 27, 2021) ................................... 10

*United States v. Davis, No. 3:90-cr-85-MOC,*
2021 WL 2229293 (W.D.N.C. June 2, 2021) ................................................ 10

*United States v. Gutierrez,*
2023 WL 245001 (4th Cir. Jan. 18, 2023) ..................................................... 14

*United States v. Harkum, No. 1:03-CR-47-2,*
2022 WL 17828344 (N.D.W. Va. Sept. 7, 2022) .......................................... 10

*United States v. High,*
997 F.3d 181, 190 (4th Cir. 2021) ..............................................................7,

*United States v. Jackson, No. 3:90-cr-85-MOC-1,*
2021 WL 2227333 (W.D.N.C. June 2, 2021) ............................................................. 10

*United States v. Kibble,*
992 F.3d 326 (4th Cir. 2021) ................................................................................. 7, 13

*United States v. Lawson, No. TDC*
02-0215, 2021 WL 2042671 (D. Md. May 21, 2021) ............................................. 10

*United States v. McCoy,*
981 F.3d 271 (4th Cir. 2020) ........................................................................... *passim*

*United States v. McDonald,*
986 F.3d 402 (4th Cir. 2021) ............................................................................. 14, 15

*United States v. Ramos, No. PJM 04-293,*
2021 WL 826304 (D. Md. Mar. 4, 2021) ............................................................... 10

*United States v. Redd,*
444 F. Supp. 3d 717, 723 (E.D. Va. 2020)................................................... 9, 10, 11

*United States v. Sims, No. 3:98-cr-45,*
2021 WL 1603959 (E.D. Va. Apr. 23, 2021) ......................................................... 10

*United States v. Smith,*
2024 U.S. App. LEXIS 2011 (4th Cir. Jan. 30, 2024) ............................................. 7

*United States v. Smith,*
2024 U.S. App. LEXIS 2011 (Jan. 30, 2024) ......................................................... 11

*United States v. Swain,*
49 F.4th 398 (4th Cir. 2022) ................................................................................... 8

*United States v. Whitener, No. 3:90-CR-85-MOC-1,*
2021 WL 2227330 (W.D.N.C. June 2, 2021) ......................................................... 10

*United States v. Woods, No. 5:03-cr-30054,*
2021 WL 1572562 (W.D. Va. Apr. 21, 2021) ......................................................... 10

## Statutes

18 U.S.C. § 924 ............................................................................... *passim*

18 U.S.C. § 2119 .................................................................................... 4

18 U.S.C. § 3231 .................................................................................... 1

18 U.S.C. § 3553 ............................................................................. *passim*

18 U.S.C. § 3582 ............................................................................. *passim*

18 U.S.C. § 3742 .................................................................................... 1

28 U.S.C. § 1291 .................................................................................... 1

No. 23-6254


IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT


UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

v.

LARRY ANTONIO BURLEIGH,
*Defendant/Appellant.*


On Appeal from the United States District Court
for the Eastern District of Virginia
Richmond Division (Hon. Henry E. Hudson)


BRIEF OF THE APPELLANT


## STATEMENT OF JURISDICTION

This is an appeal of a final order denying Appellant's motion for compassionate release under Section 603 of the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"). The district court had jurisdiction under 18 U.S.C. § 3231 and Section 603 of the First Step Act. The district court entered final judgment on March 2, 2023, JA192, and Mr. Burleigh timely appealed on March 13, 2023. JA202. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) over this timely appeal from a final order.

## STATEMENT OF THE ISSUES

Larry Burleigh was convicted in 2011 of carjacking and two counts of brandishing a firearm in violation of 18 U.S.C. § 924(c). He was sentenced to a total term of 545 months, consisting of 125 months on the carjacking, 120 months consecutive on the first brandishing, and 300 months consecutive on the second brandishing, resulting in a "stacked" 420-month sentence on the two brandishing convictions. The First Step Act of 2018 did away with "stacked" sentences of this type, and if Mr. Burleigh were sentenced today, he would be subject to a mandatory sentence of 240 months on the two brandishing convictions, rather than 420 months.

Did the district court err in failing to recognize that the disparity created by Mr. Burleigh's stacked 924(c) convictions constitutes an extraordinary and compelling reason for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)?

Did the district court err in determining that the sentencing factors under 18 U.S.C. § 3553(a) do not support sentence reduction for Mr. Burleigh?

## STATEMENT OF THE CASE

Larry Burleigh had a difficult childhood and adolescence: he was initially raised by his grandmother because his parents both suffered from addiction and were incarcerated for periods of his childhood. JA220. While his grandmother provided a stable home, he began to exhibit challenging behavior in seventh grade and as a result was placed in foster care. JA220. His foster mother treated him more harshly than her own children, JA220, and in tenth grade he returned to live with his grandmother. For

a time after that, his life stabilized. JA220. Soon after, however, his father was released from prison and was subsequently shot. JA220. Mr. Burleigh left his grandmother's house and moved in with his father and his family. JA220-21. His father's family home was "not a good environment," as Mr. Burleigh recognized at the time of his presentence interview, and while living there, he began using drugs and incurred his first criminal charge. JA221. Mr. Burleigh was first incarcerated in 2009, on a probation violation, and shortly after his release, his grandmother died. JA221. Her death had a significant impact on him, and afterward he began using drugs heavily. JA221.

Mr. Burleigh began smoking marijuana at the age of 12 and he remained a daily user until he was incarcerated in early 2010. JA222. He also began using heroin daily in 2009, as well as other prescription medications such as Percocet, Xanax, and oxycontin. JA223. Although he stopped using those drugs while he was incarcerated in 2010, he began using again once he was released later that year. JA223.

In 2011, Mr. Burleigh and his cousin Keshawn Hill, along with a juvenile, carjacked a man, D.O., who was sitting in his car in front of his house. JA212. Mr. Burleigh sat in the back seat with D.O. and menaced him with a short-barreled shotgun, robbing him of the contents of his wallet. JA212-214. The men then drove him to various ATMs around Richmond in order to withdraw money. After D.O. was unable to make further withdrawals, Mr. Burleigh and his co-defendant released him, shaken but physically unharmed, and he called the police. JA214.

Mr. Burleigh was indicted on February 22, 2011 and charged with multiple counts related to the carjacking. He ultimately pled guilty to Count 3, carjacking in violation of 18 U.S.C. § 2119; Count 4, possession of a firearm in furtherance of a crime of violence; and Count 6, possession of a firearm in furtherance of a crime of violence, second or subsequent offense. JA025. The presentence report recognized that Mr. Burleigh was subject to a 10-year mandatory minimum on Count 4, followed by a 25-year mandatory minimum on Count 6, as well as a guideline range of 100 to 125 months on Count 3. JA227. The district court sentenced him to a guideline sentence of 125 months on Count 3, 120 months on Count 4, and 300 months on Count 6, all consecutive. JA076.

Since his incarceration, Mr. Burleigh has taken advantage of the rehabilitative programming in Bureau of Prisons. He has completed multiple drug abuse courses, attended training for suicide prevention in prison and served as a mentor to other inmates, involved himself in ministerial work through the chaplain at USP Florence, and completed numerous other courses and programs. JA129-151. He has a positive relationship with staff at the prison, who have attested that he is dependable, a hard worker, and will do well in society if released. JA153. His disciplinary record is excellent, with no infractions from 2013 until 2022, when he had a minor infraction. JA180. He has stayed close to his family, and his church and community have continued to support him during his incarceration. JA085.

In September 2020, Mr. Burleigh filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). JA081. A second motion for sentence reduction was

filed by counsel in February 2022, arguing that Mr. Burleigh had shown extraordinary and compelling circumstances warranting sentence reduction in light of his exemplary rehabilitation, his youth at the time of the offense, and the fact that his "stacked" 924(c) convictions create a substantial sentence disparity between the mandatory minimum required at the time of sentencing—420 months—and the mandatory minimum required for equivalent conduct now—240 months. JA110. The government filed a brief in opposition, in which it did not dispute that Mr. Burleigh would no longer be subject to stacked 924(c) sentences if sentenced after 2018, but arguing that his stacked 924(c) sentences, age, and rehabilitation did not rise to the level of extraordinary and compelling. JA161.

In March 2023, the district court entered a memorandum order denying Mr. Burleigh's motion for compassionate release. The district court ruled:

> In this case, Defendant argues that his "exemplary and self-motivated rehabilitation," his young age at the time of the offense, and the fact that "stacked" § 924(c) convictions make up a large portion of his sentence constitute extraordinary and compelling circumstances when assessed altogether. . . . For the foregoing reasons, the Court finds that these circumstances do not constitute extraordinary and compelling reasons warranting a sentence reduction.

JA196.

The district court proceeded to consider each of the factors argued in support of compassionate release individually. The district judge ruled that, because "rehabilitation should be the rule, not the exception," Mr. Burleigh's rehabilitation did not constitute an extraordinary and compelling circumstance. The district court also rejected the

argument that Mr. Burleigh's age at the time of the offense supported a reduction.

Finally, turning to the stacked § 924(c) sentences, the district court found:

> that the Defendant's sentence does not justify a reduction. Even considering the changes to § 924(c) under the First Step Act, the Court still concludes that Defendant's sentence of 420 months of incarceration on Counts Four and Six is appropriate in this case. Although Defendant's sentence under the First Step Act may carry a different mandatory minimum today than at the time of his original sentencing, there are still a panoply of other considerations in this case that make compassionate release inappropriate. As mentioned previously, Defendant's crime was egregious, having a significant and lasting impact on the victim . . . This seriousness, coupled with Defendant's significant criminal history and being on supervised probation for other serious offenses at the time he committed the underlying crime, weighs against any sentence reduction.

JA199-200. The district court also found that the sentencing factors under § 18 U.S.C. § 3553(a) did not support a reduction. In particular, it relied on the nature of the offense and the fact that Mr. Burleigh had only served 27 percent of his sentence, therefore a reduction, even one that left him with substantial time still to serve, would not serve the goal of deterrence. JA200.

Mr. Burleigh timely noticed this appeal. JA202.

## SUMMARY OF THE ARGUMENT

The district court erred in determining that a <u>fifteen-year</u> disparity between the sentence Larry Burleigh is currently serving and the sentence he would face today did not constitute an extraordinary and compelling circumstance supporting sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The district court misapplied this Court's decision in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020) and failed to consider the impact of the substantial sentence disparity on the sentencing analysis. The district

court also conflated the analysis of whether Mr. Burleigh had shown an extraordinary and compelling reason for sentence reduction with the separate analysis of whether a reduction was warranted under the sentencing factors.

The district court further abused its discretion in evaluating the § 3553(a) factors. It did not factor the impact of Mr. Burleigh's sentence disparity or his youth into its analysis, and it incorrectly relied on an irrelevant factor, the length of sentence Mr. Burleigh had already served.

<u>ARGUMENT</u>

**I. The district court erred in determining that Mr. Burleigh's stacked 924(c) sentences did not give rise to an extraordinary and compelling reason for sentence reduction.**

A. <u>Standard of Review</u>

A district court's decision on a motion brought under 18 U.S.C. § 3582(c)(1)(A)(i) is reviewed for abuse of discretion. *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). When considering a defendant's motion for compassionate release, a court must "set forth enough to satisfy [our] court that [it] has *considered* the parties arguments and has *a reasoned basis* for exercising [its] own legal decision-making authority, so as to allow for meaningful appellate review." *United States v. Smith,* 2024 U.S. App. LEXIS 2011, *1-2 (4th Cir. Jan. 30, 2024) (quoting *United States v. High*, 997 F.3d 181, 190 (4th Cir. 2021)); *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965, 201 L. Ed. 2d 359 (2018).

When deciding whether to reduce a defendant's sentence based on "extraordinary and compelling" circumstances under § 3582(c)(1)(A)(i), a district court

generally proceeds in three steps. *High*, 997 F.3d at 185-86. First, the district court decides whether "extraordinary and compelling" circumstances support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the district court considers whether granting a sentence reduction is "consistent with applicable policy statements issued by the United States Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Because the Sentencing Commission's policy statement applicable to defendant-filed motions for compassionate release had not been enacted when Mr. Burleigh's compassionate release motion was filed, the district court was "empowered to consider any extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). The district court then considers at the third step whether the 18 U.S.C. § 3553(a) factors, "to the extent that they are applicable," favor early release. 18 U.S.C. § 3582(c)(1)(A).

The sentence the district court ultimately chooses, and how it chooses it, are reviewed for substantive and procedural reasonableness. *United States v. Swain*, 49 F.4th 398 (4th Cir. 2022). Substantive reasonableness review requires the Court to consider the "totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* at 402. "A sentence is substantively unreasonable if it is longer than necessary to serve the purposes of sentencing." *Id.*

B.    Argument

    *1.    The district court misapplied this Court's precedent in failing to recognize Mr. Burleigh's stacked 924(c) sentences provide an extraordinary and compelling basis for sentence reduction.*

The district court cited this Court's decision in *United States v. McCoy* in its opinion but failed to consider its import or address how Mr. Burleigh's situation might differ. In *McCoy,* this Court held that when making a determination about whether stacked 924(c) charges constitute "extraordinary and compelling reasons" the court must consider "the sheer and unusual length of the defendant's sentences and the gross disparity between those sentences and the sentences Congress now believes to be an appropriate penalty for the defendant's conduct." *United States v. Brown*, 78 F.4th 122, 130 (4th Cir. 2023). The change in the 924(c) penalties is a "rejection of the need to impose sentences under § 924(c) as originally enacted, as well as a legislative declaration of what level of punishment is adequate." *Id.* (quoting *United States v. Redd*, 444 F. Supp. 3d 717, 723 (E.D. Va. 2020)). The fifteen-year difference between Mr. Burleigh's § 924(c) sentence and that which he would receive today after the First Step Act represents the type of "gross disparity" that constitutes an extraordinary and compelling reason for reduction. *See McCoy,* 981 F.3d at 285-88 (endorsing the lower court's consideration of a nearly 17-year disparity for one defendant and a 30-year disparity for others). The district court's complete disregard of this distinction is particularly egregious as a key "purpose of the First Step Act [is] to reduce sentencing disparities." *United States v. Collington*, 995 F.3d 347, 360 (4th Cir. 2021). The legislation is the result

of Congress's conclusion that sentences like Mr. Burleigh's are "unfair and unnecessary." *Brown*, 78 F.4th at 132 (citing *McCoy*, 981 F.3d at 285).

The district court also neglected to address the "sheer and unusual length" of Mr. Burleigh's 35-year sentence. *McCoy*, 981 F.3d at 285. A stacked sentence that transcends the average punishment imposed for more serious crimes supports his motion for compassionate release. *See id.* Mr. Burleigh's 35-year stacked sentence alone is "decades longer" than the national sentencing average for manslaughter (over 5 years) and robbery (roughly 9 years), and it exceeds the national sentencing average for murder (just over 24 years) and kidnapping (roughly 15 years). *Redd*, 444 F. Supp. 3d at 723, 728 n. 20. Mr. Burleigh's offense, while serious, does not justify denying him relief. His offense conduct is similar to offense conduct of other § 924(c) offenders whose sentences were unstacked by district courts in this circuit.[1] The district court never

---

[1] *United States v. Harkum*, No. 1:03-CR-47-2, 2022 WL 17828344, at *2 (N.D.W. Va. Sept. 7, 2022) (granting reduced sentence and unstacking stacked § 924(c) count for defendant who, in the course of participating in an "active spree of [armed] robberies," "struck a victim with a gun causing significant bodily injury"); Order (Sealed), *United States v. Gerdts*, No. 1:98-CR-24, Dkt. No. 104 (N.D.W. Va. Sept. 2, 2022) (though the opinion was entered under seal, same for defendant who, "during a crime spree in 1998, [] robbed three United States Post Offices while holding their Post Masters at gunpoint," reduction reflected in the Amended Judgment, Dkt. No. 105); *United States v. Jackson*, No. 3:90-cr-85-MOC-1, 2021 WL 2227333, at *1, *5-6 (W.D.N.C. June 2, 2021) (granting compassionate release to member of "violent drug-trafficking organization" who "participated in at least seven shootings," based upon the defendant's age at the time of the offense, the First Step Act's changes to § 924(c) stacking, and the defendant's "exemplary institutional record"); *United States v. Whitener*, No. 3:90-CR-85-MOC-1, 2021 WL 2227330, at *1 (W.D.N.C. June 2, 2021) (same for defendant who "was part of a violent street gang that distributed drugs, shot people, intimidated citizens, and tried to bribe a juror"); *United States v. Davis*, No. 3:90-cr-85-MOC, 2021 WL 2229293, at *1 (W.D.N.C. June 2, 2021) (same for defendant who was part of a drug conspiracy with a "reputation for violence," who "used and carried firearms" and shot several individuals on two different dates); *United States v. Lawson*, No. TDC02-0215, 2021 WL 2042671, at *1, *3-4 (D. Md. May 21, 2021) (same for defendant who carried out a series of five bank robberies and "pointed a gun at a victim"); *United States v. Davis*, No. 1:02-

addressed why the disparity in this case should not be corrected, as mandated by Congress. It also ever addressed why 420 months instead of 240 months was appropriate. In a dismissive and conclusory sentence, the district court simply stated:

> The Court finds that Defendant's sentence does not justify a reduction. Even considering the changes to § 924(c) under the Frist Step Act, the Court still concludes that the Defendant's sentence of 420 months of incarceration for Counts Four and Six is appropriate in this case.

(JA199). This statement is not a "reasoned *basis*" so as to "allow for meaningful appellate review." *United States v. Smith,* 2024 U.S. App. LEXIS 2011, *1-2 (Jan. 30, 2024) (quoting *United States v. High*, 997 F.3d 181, 190 (4th Cir. 2021)).

---

CR-552 (LMB), 2021 WL 1651226, at *1 (E.D. Va. Apr. 27, 2021) (same for defendant who, in the course of committing four bank robberies, held a nine-millimeter to the head of one cashier, pistol-whipped a clerk and a customer, and threatened two other store clerks with a gun); *United States v. Sims*, No. 3:98-cr-45, 2021 WL 1603959, at *1 (E.D. Va. Apr. 23, 2021) (same for defendant who purchased weapons used in a bank robbery in which three people were shot and one was killed); *Goodman v. United States*, No. 2:11-CR-145, 2021 WL 1587906, at *1 (E.D. Va. Apr. 22, 2021) (reducing sentence for defendant who committed "several armed robberies" across the Eastern District of Virginia); *United States v. Woods*, No. 5:03-cr-30054, 2021 WL 1572562, at *1, *4 (W.D. Va. Apr. 21, 2021) (reducing sentence for defendant who "led the family drug ring," and noting the need to avoid disparities between a reduction granted for defendant's family member, who tried to shoot a police officer several times but had a release date 66 years sooner); *United States v. Ramos*, No. PJM 04-293, 2021 WL 826304, at *3 (D. Md. Mar. 4, 2021) (same, collecting and contrasting grants for defendants who received shorter sentences but "participat[ed] in unquestionably more egregious conduct, including murder, attempted murder, and kidnapping"); *United States v. Bryant*, No. 95-202-CCB-3, 2020 WL 2085471, at *1 (D. Md. Apr. 30, 2020), aff'd sub nom. United States v. McCoy, 981 F.3d 271 (4th Cir. 2020) (same for three defendants who participated in "one attempted and two completed bank robberies); *McCoy v. United States*, No. 2:03-CR-197, 2020 WL 2738225, at *1 (E.D. Va. May 26, 2020), aff'd, 981 F.3d 271, 277 (4th Cir. 2020) (same for defendant who participated in "a string of twelve [armed] robberies"); *United States v. Arey*, 461 F. Supp. 3d 343, 345 (W.D. Va. 2020) (same for defendant in large-scale methamphetamine conspiracy who carried guns regularly and "had a device holding a handgun mounted under his kitchen table "in the event a business deal went wrong."); *United States v. Redd*, 444 F. Supp. 3d 717, 718-20 (E.D. Va. Mar. 16, 2020) (same for defendant who "robbed three banks and aborted an attempt to rob a fourth" while threatening tellers with a gun).

The district court also conflated the analysis of whether Mr. Burleigh had shown an extraordinary and compelling reason for sentence reduction with the separate analysis of whether a reduction was warranted under the sentencing factors.

> Although Defendant's sentence under the First Step Act may carry a different mandatory minimum today than at the time of his original sentencing, there are still a panoply of other considerations in this case that make compassionate release inappropriate. As mentioned previously, Defendant's crime was egregious, having significant and lasting impact on the victim. This seriousness coupled with the Defendant's significant criminal history and being on supervised probation for other serious offenses at the time he committed the underlying crime weighs against any sentence reduction.

JA199-200. The district court failed to follow the appropriate procedural steps in assessing whether extraordinary and compelling reasons existed and used sentencing factors to negate a finding. This is improper and the case should be remanded.

> 2.      *This Court's precedent supports the conclusion that Mr. Burleigh's 15-year sentence disparity combined with his age and rehabilitation amounts to an extraordinary and compelling circumstance.*

Reasons that are individually insufficient may nonetheless qualify as extraordinary and compelling when considered in combination with each other, under the totality of the "circumstances, as a whole." *United States v. Davis*, 2022 WL 127900, *2 (4th Cir. Jan. 13, 2022) (unpublished). Accordingly, a district court must consider a defendant's reasons not just individually, but in combination.

Mr. Burleigh proffered three extraordinary and compelling reasons: 1) his exemplary and self-motivated rehabilitation; 2) his young age at the time of the offense

conduct; and 3) his "stacked" § 924(c) convictions. The second and third reasons could qualify independently. Rehabilitation can constitute an extraordinary and compelling reason in combination with other factors. *McCoy*, 981 F.3d at 286, n.9.

The district court was obligated to consider whether all three reasons combined constituted extraordinary and compelling circumstances. It did not. The district court erroneously considered the first two reasons individually and the third in combination with the § 3553(a) factors instead of at the first "extraordinary and compelling" step of the analysis. *Davis*, 2022 WL 127900 at *2.

Finally, this Court has held that, under some circumstances, a step 1 error may not preclude affirmance if the district court's order can be upheld on § 3553(a) grounds. *See Kibble*, 992 F.3d at 331. However, that practice cannot save the district court's order here for two reasons. First, because the district court abused its discretion in finding that the § 3553(a) factors weighed against reducing Mr. Burleigh's sentence; and second, because the 545-month sentence it left in place is substantively unreasonable.

> 3. *The district court abused its discretion in finding that the § 3553(a) factors weighed against reducing Mr. Burleigh's sentence.*

When considering the § 3553(a) factors, the district court "must account not only for the circumstances at the time of the original offense but also for significant post-sentencing developments," such as the defendant's rehabilitation efforts. *United States v. Mangarella*, 57 F.4th 197, 203 (4th Cir. 2023). Courts are asked "to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for

incarceration, on the other, . . . to determine whether [the] relevant § 3553(a) factors weigh against sentence reduction in light of new extraordinary and compelling reasons." *United States v. Malone*, 57 F.4th 167, 176 (4th Cir. 2023). In a case with extensive evidence of post-sentencing rehabilitation, the district court must provide a "more robust" and "individualized" explanation. *United States v. Gutierrez*, 2023 WL 245001 (4th Cir. Jan. 18, 2023) (citing *United States v. Martin*, 916 F.3d 389, 396 (4th Cir. 2019)); *United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021).

The sentencing factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), "the need for the sentence imposed" to "provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training," § 3553(a)(2), and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6). In one cursory paragraph, the district court concluded that these factors do not favor a reduction of Burleigh's sentence. This was not a sufficient explanation given the extensive post-sentencing rehabilitation engaged in by Mr. Burleigh.

In *Gutierrez*, this Court found that the district court "failed to sufficiently explain its assessment of Gutierrez's evidence of post-sentencing conduct and its denial of compassionate release." *Id* at *5. With respect to the district court's cursory treatment of Gutierrez' fifteen years of positive post-sentencing conduct, the Court explained:

It is true that the district court alluded to Gutierrez's evidence of post-sentencing rehabilitation when it "applaud[ed] the rehabilitative efforts." But that was one passing comment in an explanation otherwise devoted – like the explanation we deemed inadequate in *Martin* – to Gutierrez's "original criminal behavior." *Martin*, 916 F.3d at 387. And nothing about that comment acknowledges or reflects consideration of the exceptional breadth of Gutierrez's rehabilitative efforts. Precisely the same passing reference, that is, could have been made with respect to the "various educational courses" at issue in *High* or to *any* defendant's post-sentencing rehabilitation evidence, no matter how limited or how significant. The district court's nod to Gutierrez's "rehabilitative efforts," we acknowledge, is more than was present in cases like *Martin* and *McDonald*. But it does not satisfy the requirement of a "robust" and "individualized" explanation for how those efforts have been weighed under the § 3553(a) factors.

*Id.* at *4. Here, as in *Gutierrez,* the district court's order includes a cursory paragraph where it discusses the §3553(a) factors. Instead of focusing on the extensive rehabilitation evidence spanning more than ten years, it focused upon the original criminal behavior and the fact that Mr. Burleigh had only served one-fourth of his sentence. JA 199-200. As in *Guiterrez,* this Court should vacate and remand.

The district court also failed to consider "the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct," §3553(a)(6). Because Mr. Burleigh was subject to a mandatory minimum sentence that was fifteen years longer than it would be if he were sentence today for the same conduct, this was a factor that needed to be addressed by the district court. *United States v. Brown*, 78 F.4th 122, 132 (4th Cir. 2023). As this Court stated in *Brown*, "[t]he First Step Act's amendment to § 924(c) reflects Congress's judgment that sentences like

Brown's are 'dramatically longer than necessary or fair' (citation omitted) and, in turn are not necessary to serve the ends of § 3553(a)(2)." *Id.* Here, the district court also stated that "after serving about one-fourth of his sentence [a sentence reduction] would not provide deterrence or promote respect for the law." JA200. But as this Court stated in *Brown*, the fact that Congress has concluded that §924(c) sentences are "unfair and unnecessary" indicates that such sentences are "neither necessary to deter others from similar criminal activity nor to protect the public from further crimes of the defendant." *Id.* At the time of the original sentencing the district court stated that it was denying the requested downward variance because it "would go against Congress's mandate that crimes that use firearms are to be punished more harshly." JA 63. The district court should have heeded Congress's current position on 924(c) sentences and granted Mr. Burleigh a sentencing reduction.

Additionally, Mr. Burleigh's rehabilitative efforts while incarcerated show that he is a changed man. He has completed multiple drug abuse courses, attended training for suicide prevention in prison and served as a mentor to other inmates, involved himself in ministerial work through the chaplain at USP Florence, and completed numerous other courses and programs. JA129-151. Mr. Burleigh has a positive relationship with staff at the prison, who have attested that he is dependable, a hard worker, and will do well in society if released. JA153. His disciplinary record is excellent, with no infractions from 2013 to 2022, and only a minor infraction at that time. JA180. He has stayed close to his family, and his church and community have continued to support him during his

incarceration. JA085. He obtained his GED and has been transferred to a medium security facility. This "minimizes the need for the sentence imposed to protect the public from further crimes of the defendant and provides the most up-to-date picture of Mr. Burleigh's history and characteristics." *Id.* at 133 (citing *Pepper v. United States*, 562 U.S. 476, 491-92 (2011)). For these reasons, this Court should reverse and remand this case.

## CONCLUSION

This Court should find that the district court abused its discretion, vacate the district court's ruling, and remand the case for reconsideration of the motion for compassionate release.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for appellant asserts that the issues raised in this brief may be more fully developed through oral argument, and respectfully requests the same.

Respectfully submitted this 22nd day of February 2024,

> MARY E. MAGUIRE
> Federal Public Defender
> for the Western District of Virginia
>
>
> /s/ Mary E. Maguire
> MARY E. MAGUIRE
> Va. Bar No. 42505
> Assistant Federal Public Defender
> 401 E. Market St., Ste. 106
> Charlottesville, VA 22902
> (434) 220-3380
> *Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

1.      The brief of the appellant has been prepared using Microsoft Word 365 software, Garamond font, 14-point proportional type size.

2.      EXCLUSIVE of the table of contents, table of authorities, statement with respect to oral argument, any addendums, and the certificate of service, this brief is 4,648 words in length, and is compliant with Fed. R. App. Pr. 32(a)(7)(B).

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

02/22/2024
Date

/s/ Mary Maguire
Mary Maguire
Federal Public Defender

## CERTIFICATE OF SERVICE

This is to certify that this Brief of Appellant was electronically filed, and that true and correct copies of the foregoing Brief and of the Joint Appendix were sent by ECF to:

Joseph Attias
Assistant United States Attorney


on this 22nd day of February 2024.

/s/ Mary Maguire
Mary Maguire
Federal Public Defender