No. 23-6254

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**UNITED STATES OF AMERICA,**
*Plaintiff/Appellee,*

v.

**LARRY ANTONIO BURLEIGH,**
*Defendant/Appellant.*

On Appeal from the United States District Court
for the Eastern District of Virginia
Richmond (Hon. Henry E. Hudson)

---

**REPLY BRIEF OF THE APPELLANT**

---

**MARY E. MAGUIRE**
Federal Public Defender
for the Western District of Virginia

**ERIN TRODDEN**
Assistant Federal Public Defender
401 E. Market St., Ste. 106
Charlottesville, VA 22902
434-220-3396

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

SUMMARY OF THE ARGUMENT ............................................................................ 1

ARGUMENT ................................................................................................................... 2

I.  The district court erred in determining that Mr. Burleigh
failed to show extraordinary and compelling conditions for release .............................. 2

   A.  The district court did not properly weigh the
   impact of the First Step Act's removal of the "stacking" provision. .......................... 2

   B.  The district court did not properly consider the combined impact of the change
   in the law, Mr. Burleigh's youth at the time of the offense, and his substantial
   rehabilitation on the existence of extraordinary and compelling circumstances. ..... 11

II.  The district court erred in determining that
the section 3553(a) factors do not support compassionate release. ............................... 13

CONCLUSION ............................................................................................................ 16

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Concepcion v. United States*,
   597 U.S. 481 (2022) ........................................................ 4, 10

*United States v. Bond*
   56 F.4th 381 (4th Cir. 2023) ........................................ 10, 14

*United States v. Brooks*,
   No. 22-7107, 2023 WL 5224649 (4th Cir. Aug. 15, 2023) ..................................... 14

*United States v. Brown*,
   78 F.4th 122 (4th Cir. 2023) ........................................ 4, 5, 7

*United States v. Davis*,
   99 F.4th 647 (4th Cir. 2024) ................................... 11, 13, 16

*United States v. Farrior*,
   535 F.3d 210 (4th Cir. 2008) ............................................ 14

*United States v. Hargrove*,
   30 F.4th 189 (4th Cir. 2002) .............................................. 8

*United States v. Kibble*,
   992 F.3d 326 (4th Cir. 2021) .............................................. 2

*United States v. Malone*,
   57 F.4th 167 (4th Cir. 2023) ........................................ 2, 3, 4

*United States v. Mangarella*,
   57 F.4th 197 (4th Cir. 2023) ............................................. 15

*United States v. McCoy*,
   981 F.3d 271 (4th Cir. 2020) ...................................... *passim*

*United States v. Swain*,
   49 F.4th 398 (4th Cir. 2022) .............................................. 2

**Statutes**

18 U.S.C. § 924 ..................................................... *passim*

18 U.S.C. § 3553 .................................................. *passim*

21 U.S.C. § 841 ......................................................... 15

First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194................*passim*

**<u>Other</u>**

U.S.S.G. § 1B1.13 .......................................................................... 11

U.S.S.G. § 2K2.4 ............................................................................ 7

No. 23-6254


IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT


UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

v.

LARRY ANTONIO BURLEIGH,
*Defendant/Appellant.*


On Appeal from the United States District Court
for the Eastern District of Virginia
Richmond Division (Hon. Henry E. Hudson)


REPLY BRIEF OF THE APPELLANT

SUMMARY OF THE ARGUMENT

The district court erred in denying Mr. Burleigh's motion for compassionate release. If Mr. Burleigh were sentenced today for the same conduct, he would face a required penalty that is shorter by fifteen years because of the amendment to the "stacking" provision for sentences under 18 U.S.C. § 924(c). The district court failed to address the impact of Congress's correction to section 924(c), or the argument that, taken together with his significant post-sentence evidence of rehabilitation and his youth at the time of the offense, the First Step Act's change to section 924(c) supports a finding of extraordinary and compelling circumstances in Mr. Burleigh's case.

Similarly, the district court erred in discounting Mr. Burleigh's evidence of substantial rehabilitation and the need to avoid unwarranted sentence disparities under the section 3553(a) factors.

ARGUMENT

**I. The district court erred in determining that Mr. Burleigh failed to show extraordinary and compelling conditions for release.**

    A.    <u>The district court did not properly weigh the impact of the First Step Act's removal of the "stacking" provision.</u>

There is no dispute that Mr. Burleigh would be subject to a mandatory minimum sentence fifteen years lower if he were sentenced today. This change in the law was necessarily a significant fact for the district court to address in evaluating whether Mr. Burleigh had shown extraordinary and compelling circumstances for release. The district court, however, did not appropriately weigh this disparity or the impact of Congress's correction to 18 U.S.C. § 924(c) in considering Mr. Burleigh's motion for compassionate release.[1]

---

[1] The government is correct that *United States v. Swain*, 49 F.4th 398 (4th Cir. 2022), cited in the Mr. Burleigh's Opening Brief, is a case under section 404(b) of the First Step Act, and Mr. Burleigh agrees that this Court reviews for abuse of discretion. *See United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). However, a district court abuses its discretion when it relies on erroneous factual or legal premises or commits an error of law. *United States v. Malone*, 57 F.4th 167, 172. (4th Cir. 2023). In addition, in *Malone* this Court stated, "we will not opine on the government's argument regarding the procedural adequacy of the district court's decision because our decision stems from the district court's narrow view of the record's striking facts. To be clear, our concern is rooted in Malone's substantive grounds for release. In fact, the procedural arguments wane in comparison." *Id.* at 175-76.

While a district court is not required to grant compassionate release, it must consider the defendant's arguments and conduct a reasoned analysis. *Malone*, 57 F.4th at 176. District courts are given broad discretion in conducting section 3582(c)(1)(A) analyses, but that discretion is not limitless. *Id.* at 175. Where, as here, the district court has failed to analyze a determinative fact or legal premise, it has failed at that obligation. *See id.* at 172, 175 (noting that the district court "failed to engage with Malone's additional grave ailments that had developed since sentencing" and took a "narrow view of the record's striking facts").

In *Malone*, the defendant suffered from colorectal cancer requiring a permanent colostomy which caused a host of medical and social complications in BOP, as well as from worsening health resulting from advanced age and other ailments including diabetes and heart irregularities. 57 F.4th at 170-71. In responding to his motion for compassionate release, the district court noted his "series of ailments that have mostly stemmed from his colon-rectal cancer in the late 1990s and many issues stemming from the subsequent treatment," but denied his request for compassionate release. *Id.* at 171.[2]

---

[2] The procedural history of Mr. Malone's compassionate release requests is somewhat complicated. The district court denied his first pro se motion for compassionate release in 2019. In 2020, as COVID swept BOP, Mr. Malone was released under the CARES Act to continue serving his sentence from home. He again requested compassionate release, noting that he could be returned to BOP after the expiration of the emergency. *Id.* at 171. The district court denied the second motion, relying in part on its analysis of the first motion; this Court therefore analyzed the district court's approach to both motions. *Id.*

This Court disagreed with the district court's analysis, finding, "Malone's numerous health conditions undoubtedly establish extraordinary and compelling reasons for release." *Id.* at 175. Despite the district court's reference to the defendant's "series of ailments" and "many issues stemming from subsequent treatment," this Court recognized that the district court failed "to consider Malone's worsening health." *Id.* In other words, this Court recognized that the district court must engage with the defendant's nonfrivolous arguments, not merely allude to them, and it abuses its discretion where the opinion makes clear it has not considered the defendant's arguments. *See also United States v. Brown*, 78 F.4th 122, 130-31 (4th Cir. 2023) (holding that the district court's failure to engage with the defendant's sentence disparity argument was error, where the district court's "decision to assess the merits of Brown's original claims should have triggered its consideration of Brown's § 924(c) argument.") (cleaned up). The district court, in other words, must reason through the defendant's arguments. *See Concepcion v. United States*, 597 U.S. 481, 501 (2022) (holding that a district court must "make clear that it reasoned through the parties' arguments.") (citation omitted).

Here, the district court recognized that the First Step Act changed the operation of section 924(c), but its statements on that point make clear that it did not engage with the implications of the First Step Act for Mr. Burleigh. First, it did not address the sheer length of Mr. Burleigh's sentence, nowhere recognizing that fully fifteen years of his sentence were attributable to his "stacked" 924(c) conviction. *See* J.A.198-199. This

disparity is significant, and simply recognizing that the "Defendant's sentence is disproportionately longer than he would have received if sentenced today," J.A.198, does not show that the district court engaged with the fact that it is longer *by fifteen years*. This is not a minor sentence variation. As this Court recognized in *Brown*, in 2022 the national average sentence for murder was approximately 22 years, and the average sentence for kidnapping was approximately fifteen years. 78 F.4th at 131. A whole separate, serious federal offense could be encompassed by the disparity in Mr. Burleigh's sentence, and his total sentence in this case is significantly in excess of the average sentence for murder.

Nor did the district court address the gross disparity between Mr. Burleigh's sentence and what would be imposed today. As this Court has recognized, that disparity "is primarily the result of Congress' conclusion that sentences like [Mr. Burleigh's] are unfair and unnecessary, in effect, a legislative rejection of the need to impose sentences under § 924(c), as originally enacted, as well as a legislative declaration of what level of punishment is adequate." *United States v. Brown*, 78 F.4th 122, 131 (4th Cir. 2023).

With the enactment of Section 403 of the First Step Act, titled "Clarification of Section 924(c)," Congress made clear that it always intended 18 U.S.C. § 924(c) to be a true recidivist statute, such that the enhanced mandatory minimum applied to Mr. Burleigh is mandated only by a section 924(c) conviction that occurs after a prior such conviction has become final. As Senator Ben Cardin stated in his remarks on Section 403 of the First Step Act:

> [T]he legislation eliminates the so-called stacking provision in the U.S. Code, which helps ensure that sentencing enhancements for repeat offenses apply only to true repeat offenders. The legislation clarifies that sentencing enhancements cannot unfairly be "stacked," for example, by applying to conduct within the same indictment.

164 Cong. Rec. S7753-01, S7774. *See also* 164 Cong. Rec. H10346-04, H10362 (Rep. Nadler noting that section 403 stops "the unfair 'stacking' of mandatory sentencing enhancements for certain repeat firearms offenders"); 164 Cong. Rec. H10396-02 (Rep. Jackson-Lee quoting a letter from the ACLU noting that, "This provision in federal law has resulted in very long and unjust sentences."). In other words, Congress recognized that defendants such as Mr. Burleigh were never among the offenders the stacking provisions were intended to reach and that sentences such as his were "unfairly" stacked. *See id.*

Although Mr. Burleigh pointed out the "changed legal backdrop against which his punishment was imposed," J.A.122, the district court did not engage with this argument. While it referred to "the changes to § 924(c) under the First Step Act," J.A.199, the district court did not consider that Congress had recognized that the penalty it had previously imposed as a mandatory minimum sentence was overly harsh to offenders such as Mr. Burleigh.[3] Nor did it address that not only Mr. Burleigh's

---

[3] The government is correct that a district court need not recite "magic words" to show that it has considered an issue. Br. Opp. at 26. But this principle cuts in both directions; a district court's reference to the defendant's argument, where the opinion makes clear that the court has not genuinely engaged with it, fails to clear the abuse of discretion threshold.

mandatory minimum but also his recommended guidelines would now be fifteen years lower than the sentence previously imposed. *See* J.A.199 ("Although Defendant's sentence under the First Step Act may carry a different mandatory minimum today . . ."); U.S.S.G. § 2K2.4(b) (providing that the guidelines for a section 924(c) conviction is the minimum term of imprisonment required by statute). Thus, although the district court declined to vary upward at Mr. Burleigh's original sentencing, by leaving his original sentence in place, it approved what amounted to a fifteen year upward variance.[4]

This Court's decisions in *McCoy* and *Brown* support the significance of the change in the law. *See United States v. McCoy*, 981 F.3d 271, 285–86 (4th Cir. 2020) (recognizing that courts may legitimately consider, under the "extraordinary and compelling reasons" inquiry, "that defendants are serving sentences that Congress itself views as dramatically longer than necessary or fair."); *Brown*, 78 F.4th at 131 (noting that the defendant's sentence was the product of a sentencing scheme that Congress had determined was "unfair and unnecessary."). The Government attempts to distinguish *McCoy*, Br. Opp. at 21, but the salient factors for the Court in *McCoy* are also present here: the defendant's youth at the time of the offense, the length of sentence already served—Mr. Burleigh

---

[4] The government argues that the district court considered varying upward at the original sentencing, Br. Opp. at 11. But whatever the district court may have considered, it ultimately decided to impose a guideline sentence. An upward variance of fifteen years is even less warranted now than it was at Mr. Burleigh's original sentencing, given his substantial evidence of rehabilitation over the intervening years.

has been incarcerated for over 13 years—and evidence of substantial rehabilitation. *See McCoy,* 981 F.3d at 286.

The government argues that the district court properly relied on other factors to hold that Mr. Burleigh's circumstances were not extraordinary and compelling, namely the egregiousness of the offense, the impact on the victim, Mr. Burleigh's criminal history, and the fact that he was on supervised release at the time of the offense. Br. Opp. at 20-21. As this Court has recognized, the factors applicable to what constitutes extraordinary and compelling circumstances "are complex and not easily summarized," but Congressional authorization to release a defendant based on extraordinary and compelling circumstances introduced "compassion as a factor in assessing ongoing terms of imprisonment, authorizing a district court to give greater weight to an inmate's personal circumstances—when sufficiently extraordinary and compelling—than to society's interests in the defendant's continued incarceration and the finality of judgments." *United States v. Hargrove,* 30 F.4th 189, 197 (4th Cir. 2002). By removing the stacking provision of section 924(c), Congress already spoke forcefully to the societal interest in appropriate punishment for individuals like Mr. Burleigh, noting that stacked 924(c) sentences were needlessly punitive and not warranted where the defendant was not a genuine recidivist. Because the district court did not engage with Congress's reasons for revising section 924(c), its evaluation of the factors weighing against the existence of extraordinary and compelling circumstances was defective.

In addition, the circumstances the government and the district court relied on, including the egregiousness of the offense, the harm to the victim, Mr. Burleigh's criminal history, and his commission of the offense while on supervision, are addressed by Mr. Burleigh's guidelines on the carjacking charge, *see* J.A.215-218, J.A.228, which remain unaffected by the change to 18 U.S.C. § 924(c). Mr. Burleigh's substantial remaining sentence thus accounts for these factors, including as it does sentence enhancements for threats and injury to the victim, and a criminal history category that includes his prior offenses and commission of the offense while on supervision. *Id.* In contrast, those factors did not form part of the statutory or guidelines considerations underlying the imposition of the stacked 924(c) sentence in the first place. The part of the sentence Congress has now clarified to be "unfair" did not rest on those factors when the sentence was imposed.

Many of the government's arguments focus on why compassionate release is not required in every stacked 924(c) case. *See, e.g.,* Br. Opp. at 18. This argument sets up a straw man, as Mr. Burleigh does not contend that *every* defendant with a stacked 924(c) conviction is entitled to a reduction; he argues that *he* is. Certainly, in evaluating the existence of extraordinary and compelling circumstances, the district court must give proper weight to the Congressional decision to amend the First Step Act, a consideration that will apply in any case where Congress has recognized that a law imposes an unfair punishment. The issue here, as described above, is that the district court's opinion does not demonstrate that it "reasoned through" the impact of

Congress's decision. *See Concepcion*, 597 U.S. at 501. Further, Mr. Burleigh's compassionate release is warranted under the specific circumstances of his case, considering not only the extreme disparity between his prior sentence and what he would have received post-First Step Act, but also his overwhelming evidence of rehabilitation coupled with his youth at the time of the offense. Nothing about this argument requires a finding that compassionate release is mandated in every case by the amendment to section 924(c).

The government relies on *United States v. Bond*, 56 F.4th 381 (4th Cir. 2023) for the proposition that a stacked 924(c) sentence is not necessarily extraordinary and compelling. *See* Br. Opp. at 19. But *Bond* does not support the government's position, because the government agreed in that case that Mr. Bond's sentence disparity amounted to an extraordinary and compelling reason for release. *Id.* at 383-84 ("Following our case law, the district court found that Bond's excessive sentence relative to the mandatory minimum applicable today constitutes extraordinary and compelling reasons for release. . . . Neither side challenges this conclusion.") (cleaned up).

The government also argues that Congress's decision not to make the amendments to section 924(c) retroactive weighs against a finding of extraordinary and compelling circumstances in this case. This Court already addressed and rejected this argument in *McCoy*, where it recognized, "The fact that Congress chose not to make § 403 of the First Step Act categorically retroactive does not mean that courts may not

consider that legislative change in conducting their individualized reviews of motions for compassionate release." 981 F.3d at 286. *See also United States v. Davis*, 99 F.4th 647, 658 (4th Cir. 2024) ("Nonretroactive changes in law remain relevant when a court has to decide when and how to modify a sentence."). Indeed, in the 2023 amendments to the Sentencing Guidelines, the Sentencing Commission recently affirmed that changes in the law, including nonretroactive statutory ones, may constitute extraordinary and compelling circumstances. *See* U.S.S.G. § 1B1.13(b)(6). The district court therefore erred in failing to fully consider Mr. Burleigh's argument regarding Congress's amendment to section 924(c).

B. <u>The district court did not properly consider the combined impact of the change in the law, Mr. Burleigh's youth at the time of the offense, and his substantial rehabilitation on the existence of extraordinary and compelling circumstances.</u>

Although Mr. Burleigh argued that his age, rehabilitation, and stacked sentences together constituted extraordinary and compelling circumstances, the district court plainly considered them piecemeal. The government argues that the district court's acknowledgement of Mr. Burleigh's argument that these factors constitute extraordinary and compelling circumstances "when assessed together" is sufficient. J.A.196; Br. Opp. at 27 n.9. But a plain reading of the district court's analysis shows that despite this, it did not, in fact, assess them together, but rather evaluated each factor on its own.

First, the district court noted it was considering Mr. Burleigh's rehabilitation efforts, and it noted Mr. Burleigh's "tremendous strides in rehabilitation." J.A.197. It noted, however, that "rehabilitation alone is not grounds for compassionate release," and ruled that it did not find that Mr. Burleigh's rehabilitation constituted extraordinary and compelling circumstances warranting reduction. J.A.197.

Next, it considered Mr. Burleigh's age at the time of the offense and noted that because Mr. Burleigh was almost 25 when he committed the offense and thus had a brain that was likely fully or almost fully developed, his age at the time of the offense did not constitute extraordinary and compelling circumstances. J.A.198.

Finally, the district court addressed Mr. Burleigh's stacked sentences and found "that Defendant's sentence does not justify a reduction." J.A.199. Notably, it simply weighed "Defendant's sentence under the First Step Act [which] may carry a different mandatory minimum today" against "a panoply of other considerations in this case." J.A.199. The district court explicitly did not weigh the combination of Mr. Burleigh's disparate sentence, youth, and substantial rehabilitation together against those considerations. Similarly, despite recognizing that rehabilitation alone is not grounds for compassionate release, J.A.197, there is nothing whatsoever in the district court's reasoning to suggest that it considered Mr. Burleigh's rehabilitation in conjunction with any other factors.

As in *McCoy,* Mr. Burleigh's rehabilitation, age, and sentence disparity are mutually supporting factors that together constitute extraordinary and compelling

circumstances for relief. Requiring the district court to show that it actually considered them holistically is far from imposing a "ritualistic incantation" requirement, as the government contends. Br. Opp. at 28. If anything, it is the government that takes refuge in formula, arguing that because the district court acknowledged Mr. Burleigh's argument that they should be considered together, it must have considered them together—even though the opinion itself makes clear that it did not.

## II. The district court erred in determining that the section 3553(a) factors do not support compassionate release.

The government argues that the fifteen-year disparity between Mr. Burleigh's sentence and those imposed for the same conduct today is not an unwarranted sentence disparity for purposes of the sentencing factors, and that the district court sufficiently considered Mr. Burleigh's evidence of rehabilitation. This Court should reject those arguments.

This Court recently recognized, in *United States v. Davis*, 99 F.4th 647, 661 (4th Cir. 2024), that non-retroactive changes to the career offender guidelines may give rise to an unwarranted sentence disparity. In *Davis,* the Court found that the disparity between Mr. Davis's career offender guidelines (188-235 months) and those that would be applicable today (92-115 months) implicates the need to avoid unwarranted sentence disparities under 18 U.S.C. § 3553(a)(6) and must be addressed by the district court; "This disparity is so stark, and the change in law so substantial, that Davis's case is not the sort of simple case described in *Chavez-Meza*, 585 U.S. at 113." *Id.* This accords with

this Court's opinion in *McCoy*, where it recognized, "The fact that Congress chose not to make § 403 of the First Step Act categorically retroactive does not mean that courts may not consider that legislative change in conducting their individualized reviews of motions for compassionate release under § 3582(c)(1)(A)(i)." 981 F.3d at 286.

The government assumes that because Congress chose not to make the First Step Act amendments to section 924(c) retroactive, the disparities between pre- and post-First Step Act sentences are warranted ones. Not only does the logic of *Davis* and *McCoy* refute this, but none of the cases the government cites stand for that proposition. The government relies on *United States v. Bond*, 56 F.4th 381, 385 (4th Cir. 2023), but this Court was not considering sentence disparities under 18 U.S.C. § 3553(a)(6) when it noted that Bond's sentence was properly calculated when imposed; instead, it was addressing Bond's argument that denying compassionate release contravened Congress's intent in passing the First Step Act, a much broader argument and not one focused on the application of the sentencing factors. *Id.* Similarly, in *United States v. Brooks*, No. 22-7107, 2023 WL 5224649 (4th Cir. Aug. 15, 2023), this Court's discussion focused on the non-retroactivity of the amendments to section 924(c), in the face of the defendant's argument that the district court abused its discretion in not reducing his sentence further, after he had already received one sentence reduction. *Id.* at *5. In *Brooks,* this Court did not address the impact of nonretroactivity on the existence of unwarranted sentence disparities. Further, while this Court noted in *United States v. Farrior*, 535 F.3d 210, 224 (4th Cir. 2008), that a statutorily required sentence is per se

reasonable, it was considering the question in the context of the defendant's direct appeal and argument that his mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) was excessive and unreasonable. *Id.* The opinion in *Farrior* does nothing to address the impact of a nonretroactive change in the statute on how courts should evaluate the resulting disparity in the section 3553(a) context.

Essentially, the government argues that because Congress chose not to mandate sentence reduction in every stacked 924(c) case, it should not be available in this case. But the fact that the changes to 924(c) are not retroactive does not foreclose the district court's consideration of their impact in an individual compassionate release case. *See McCoy*, 981 F.3d at 286-87 ("As multiple district courts have explained, there is a significant difference between automatic vacatur and resentencing of an entire class of sentences—with its 'avalanche of applications and inevitable resentencings'—and allowing for the provision of individual relief in the most grievous cases.") (citations omitted).

The district court did not consider the impact of the sentence disparities wrought by First Step Act at all. Its discussion of the section 3553(a) factors contains no reference at all to section 3553(a)(6). J.A.200-201. While the government relies on the district court's prior discussion of the changes to section 924(c) in the "extraordinary and compelling context," this Court should not presume that the district court considered these disparities as part of its section 3553(a) analysis, *see United States v. Mangarella*, 57 F.4th 197, 204 (4th Cir. 2023), because, as discussed above, the district

court did not consider Mr. Burleigh's argument regarding the significance of this change in the law in the "extraordinary and compelling" context. It thus never engaged with the impact of Congress's recognition that stacked 924(c) sentences were unfairly long and did not serve the goals of sentencing, and as a consequence, it never properly considered the existence of unwarranted sentence disparities, either in the "extraordinary and compelling circumstances context" or the section 3553(a) context.

With respect to Mr. Burleigh's evidence of rehabilitation, this Court recently recognized that the passage of substantial time between sentencing and a decision on compassionate release necessitated that the judge "offer more than a mere recitation of [the defendant's] original criminal conduct." *Davis*, 99 F.4th at 661. Yet that is what the district court relied on in determining that the sentencing factors weight against compassionate release for Mr. Burleigh. J.A.200. The district court's pallid recognition that Mr. Burleigh had few disciplinary infractions and "is building a good reputation with BOP officials," J.A.200, is insufficient explanation given the detailed and extensive evidence of rehabilitation Mr. Burleigh produced and the passage of more than a decade between his sentencing and compassionate release motion. The district court therefore abused its discretion in evaluating the section 3553(a) factors in this case.

## CONCLUSION

For these reasons as well as for those raised in the Appellant's Opening Brief, this Court should vacate the district court's ruling on Larry Burleigh's motion for a reduced sentence and remand the case for reconsideration of his motion.

Respectfully submitted this 14ᵗʰ day of June, 2024,

Mary E. Maguire
Federal Public Defender
for the Western District of Virginia

/s/ Erin Trodden
Erin Trodden
Va. Bar No. 71515
Assistant Federal Public Defender
401 E. Market St., Ste. 106
Charlottesville, VA 22902
(434) 220-3380
*Counsel for Appellant*

<u>CERTIFICATE OF COMPLIANCE</u>

1. The brief of the appellant has been prepared using Microsoft Word 365 software, Garamond font, 14-point proportional type size.

2. EXCLUSIVE of the table of contents, table of authorities, any addendums, and the certificate of service, this brief is 3,766 words in length, and is compliant with Fed. R. App. Pr. 32(a)(7)(B).

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

<u>6/14/2024</u>        <u>/s/ Erin Trodden</u>
Date            Erin Trodden
              Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

This is to certify that this Reply Brief of Appellant was electronically filed, and that true and correct copies of the foregoing Reply Brief was sent by ECF to:

Jonathan Jones
Assistant United States Attorney

on this 14th day of June, 2024.

/s/ Erin Trodden
Erin Trodden
Assistant Federal Public Defender